# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **C.A.C., a minor child, by and through her father CALEB MICHAEL CLACK,** *Plaintiff,* v. **WALTON COUNTY SCHOOL DISTRICT** *Defendant.* | **CIVIL ACTION NO. 3:25-cv-00184-TES-CHW** |

## ORDER DENYING MOTION TO APPOINT COUNSEL OR GUARDIAN AD LITEM, GRANTING EXTENSION OF TIME

Pro se Plaintiff Caleb Michael Clack, on behalf of C.A.C., filed a Response to the Court's Order to Show Cause. [Doc. 6]. In it, he asks for several things. First, he asks the Court to appoint counsel for C.A.C., presumably pursuant to 28 U.S.C. § 1915(e)(1).[1] [Doc. 6, p. 2]. Second, and alternatively, he asks the Court to appoint a Guardian ad Litem. [*Id.* at p. 3]. Finally, and also alternatively, he asks the Court for an extension of time to obtain counsel. [*Id.*]. For the following reasons, Plaintiff's Motion for Appointment of Counsel and his Motion to Appoint a Guardian ad Litem are **DENIED**. Plaintiff's Motion for Extension of Time to Obtain Counsel is **GRANTED**.

---

[1] Plaintiff cites 20 U.S.C. § 1415 and "the Court's inherent authority to protect minors appearing before it[.]" [Doc. 6, p. 2]. However, the court notes that § 1415 details procedural safeguards state educational agencies must implement to protect children with disabilities. Although it does give district courts jurisdiction over cases brought under § 1415 and details how attorney's fees are determined in those cases, it does not give the Court authority to appoint counsel. *See* § 1415(i)(3).

1. **<u>Motion to Appoint Counsel</u>**

"A district court has 'broad discretion' in deciding whether to appoint counsel in a civil case." *Thomas v. Leon Cnty. Fire Dep't*, No. 21-13042, 2023 WL 1815509, at *2 (11th Cir. Feb. 8, 2023) (quoting *Bass v. Perrin*, 170 F.3d 1312, 1320 (11th Cir. 1999)). "In a civil case, 'the appointment of counsel is . . . a privilege that is justified only by exceptional circumstances[.]'" *Id.* (quoting *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992)). "Exceptional circumstances include the presence of 'facts and legal issues [which] are so novel or complex as to require the assistance of a trained practitioner.'" *Beasley v. United States*, 852 F. App'x 520, 521 (11th Cir. 2021) (quoting *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993)). "The key is whether the pro se litigant needs help in presenting the merits of his position to the [C]ourt." *Id.*

In this case, Plaintiff seeks relief under the Individuals with Disabilities Education Act ("IDEA"). [Doc. 5, p. 1]; 20 U.S.C. § 1400 *et seq*. Upon review of his Amended Complaint, Plaintiff's allegations do not demonstrate that his case contains sufficient "exceptional circumstances" to warrant the appointment of counsel in this matter. Accordingly, the Court **DENIES** Plaintiff's Motion for Appointment of Counsel [Doc. 5]. *See Bryant v. Clark*, No. 20-14470-G, 2021 WL 5919851, at *1 (11th Cir. June 14, 2021).

2. **<u>Motion to Appoint a Guardian ad Litem</u>**

Since the Court is not appointing counsel, Plaintiff moves for the Court to

appoint a Guardian ad Litem "with the authority to obtain counsel and act in the best interests of the child." [Doc. 6, p. 3]. Federal district courts do have the authority to appoint a guardian ad litem for the protection of a minor or incompetent person. *C.H. as next friend of R.H. v. Pruett,* No. 4:17-cv-01862-SGC, 2020 WL 10223320, at *1 (N.D. Ala. June 5, 2020) (citing Fed. R. Civ. P. 17(c)(2)). However, "Rule 17(c) does not make the appointment of a guardian ad litem mandatory." *McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 470 (11th Cir. 2010) (internal quotations omitted) (internal citations omitted).

When faced with a parent seeking to represent their child pro se, other courts in this district have dismissed the claims brought on behalf of the child rather than appointing an attorney or other representative. *See Simmons as next friend of D.R. v. Dep't of Fam. & Childrens Services*, No. 3:23-cv-29-CAR-MSH, 2023 WL 11998711, at *1 (M.D. Ga. July 6, 2023); *Dixit v. Fairnot*, No. 7:19-cv-194 (WLS), 2023 WL 4188095, at *4 (M.D. Ga. June 26, 2023), *reconsideration denied*, No. 7:19-cv-194 (WLS), 2023 WL 5075291 (M.D. Ga. July 14, 2023). Indeed, this Court recently dismissed all claims brought pro se by two plaintiffs on behalf of a minor child. *See Grossman-Lepp v. Wilson*, No. 5:25-cv-00240-TES, 2025 WL 1953613, at *2 (M.D. Ga. July 16, 2025).

When faced with this exact issue—a pro se parent seeking appointment of a guardian ad litem to cure his representing his minor child—the District Court for the Southern District of Georgia dismissed the minor children as parties. *Howard v. United States*, No. cv 121-118, 2021 WL 5458434, at *1 (S.D. Ga. Oct. 27, 2021), *report and*

*recommendation adopted*, No. cv 121-118, 2021 WL 5456967 (S.D. Ga. Nov. 22, 2021). There, the court stated that "appointment of a guardian ad litem would not change the fact that [the plaintiff] is still attempting to impermissibly proceed *pro se* on behalf of minor children." *Id.* Accordingly, the Court **DENIES** Plaintiff's Motion to Appoint a Guardian ad Litem.

### 3. <u>Motion for Extension of Time</u>

Finally, Plaintiff asks the Court for more time "to continue attempting to secure Pro Bono representation counsel for the minor child." [Doc. 6, p. 3]. "The decision to grant an extension of time is within the discretion of the [C]ourt." *Rubiani v. Payne*, No. 5:03cv373 CAR, 2007 WL 988721, at *2 (M.D. Ga. Mar. 30, 2007). The Court **GRANTS** Plaintiff's Motion for Extension of Time. Plaintiff has until **January 30, 2026,** to attempt to secure representation for C.A.C. Should there be no entry of appearance on the record by an attorney by the deadline, or other proof of retaining counsel, Plaintiff's case will be dismissed.

**SO ORDERED**, this 10th day of December, 2025.

<u>S/ Tilman E. Self, III</u>
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**